UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN COGSWELL,<br><br>                                    Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY; et al.,<br><br>                                    Defendants. | Case No.:  3:18-cv-2693-H-LL<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>[Doc. No. 8] |

On October 26, 2018, Plaintiff Kathleen Cogswell ("Plaintiff") filed a complaint in the Superior Court of California for the County of San Diego against Defendants Ford Motor Company ("Ford") and Kearny Pearson Ford ("Kearny Ford").  (Doc. No. 1-2.) Plaintiff, a California resident, alleges that she purchased a Ford vehicle from Kearny Ford, a California-based dealership, in December 2009.  (Id. ¶¶ 2, 5, 8.)  According to Plaintiff, the vehicle contained and developed defects.  (Id. ¶ 10.)  In her complaint, Plaintiff alleges five claims against Ford and one claim against Kearny Ford under the Song-Beverly Consumer Warranty Act ("Song-Beverly Act").  (Doc. No. 1-2.)  Against Ford, Plaintiff alleges violations of California Civil Code § 1793.2 (d); California Civil Code § 1793.2 (b); California Civil Code § 1793.2 (a)(3); breach of express written warranty pursuant to

California Civil Code § 1791.2(a) and § 1794; and breach of the implied warranty of merchantability pursuant to California Civil Code § 1791.1 and § 1794. (Id.) Plaintiff alleges that Kearny Ford also breached the implied warranty of merchantability. (Id. ¶¶ 26–30.)

On November 28, 2018, Ford removed the action to federal court based on diversity jurisdiction. (Doc. No. 1.) On December 28, 2018, Plaintiff filed a motion to remand. (Doc. No. 8.) On January 18, 2019 Ford filed an opposition. (Doc. No. 10.) Pursuant to its discretion under Local Rule 7.1(d)(1), the Court determines that the motion is fit for resolution without oral argument and submits the motion on the parties papers. As a result, the Court vacates the scheduled hearing. For the reasons below, the Court grants the motion to remand the case.

## Discussion

### I. Legal Standard

Federal courts are courts of limited jurisdiction. United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998).

Only cases that would have had original jurisdiction in a federal district court may be removed from state court. 28 U.S.C. § 1441(a). The removal statute is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. Provincial Gov't v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus, 980 F.2d at 566. The district court must remand if it lacks jurisdiction over the removed case. See Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998). For a federal court to exercise diversity jurisdiction, there must be "complete diversity" between the parties

and the case must satisfy the $75,000 amount in controversy requirement.  See 28 U.S.C. § 1332(a); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267 (1806).  "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008). "The district court ha[s] jurisdiction to determine its jurisdiction." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

"[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  "Fraudulent joinder 'is a term of art.'" Id. (quoting McCabe, 811 F.2d at 1339). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" Id. (quoting McCabe, 811 F.2d at 1339).  The removing defendant bears the heavy burden of proving fraudulent joinder by clear and convincing evidence.  See GranCare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018) (citing Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009)); see also Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence.").

The defendant "is entitled to present the facts showing the joinder to be fraudulent." McCabe, 811 F.2d at 1339.  "The district court, however, must resolve all disputed questions of fact in favor of the Plaintiff." Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998).  In addition, "the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies. . . . [I]f a defendant simply argues that plaintiff has not pled sufficient facts to state a claim, the heavy burden of showing fraudulent joinder has not been met." Martinez v. Michaels, No. CV 15-02104 MMM (EX), 2015 WL 4337059, at *5 (C.D. Cal. July 15, 2015) (citations omitted); see also Jimenez v. Ford Motor Co., No. CV 18-3558-JFW(ASX), 2018 WL 2734848, at *2 (C.D. Cal. June 5, 2018).

## II.	Analysis

Plaintiff argues Ford failed to demonstrate that Kearny Ford is a sham defendant, that the amount in controversy exceeds $75,000, and that Plaintiff is a citizen of California. (Doc. No. 8-2 at 8–23.)  Ford argues it sufficiently alleged that Kearny Ford is a sham defendant, that the amount in controversy exceeds $75,000, and that Plaintiff is a citizen of California. (Doc. No. 10 at 10–26.)  The Court concludes that Ford has not demonstrated that Kearny Ford was fraudulently joined.

Plaintiff alleges a breach of implied warranty claim against the Kearny Ford, the dealership at which she purchased the Ford vehicle at issue in this case.  (Doc. No. 1-2 ¶¶ 5, 8, 26–30.)  Ford contends that the implied warranty claim is barred by the statute of limitations.  (Doc. No. 10 at 11–15.)  Indeed, a court may find a defendant fraudulently joined if a statute of limitations applies to the claim against the defendant.  See Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1320 (9th Cir. 1998).  Under the Song-Beverly Act, the duration of the implied warranty of merchantability is one year, unless the express warranty provides a shorter period.  Mexia v. Rinker Boat Co., 174 Cal. App. 4th 1297, 1304 (2009).  The time to bring an action for breach of the implied warranty under the Song-Beverly Act is four years.  Id. at 1306.  In addition, the statute of limitations on such claims may be tolled.  See Cavale v. Ford Motor Co., 2018 WL 3811727, at *3 (E.D. Cal. Aug. 9, 2018); Jimenez, 2018 WL 2734848, at *2 (noting that "equitable tolling principles . . . apply to the statute of limitations for implied warranty of merchantability claims"); Philips v. Ford Motor Co., No. 14-CV-02989-LHK, 2016 WL 1745948, at *12–15 (N.D. Cal. May 3, 2016) (holding that implied warranty claims under the Song-Beverly Act, although not subject to the future performance exception, may be subject to fraudulent concealment tolling).

Here, Plaintiff alleges that she bought the Ford in 2009 and that the statute of limitations tolled under the following theories: equitable tolling, class action tolling, the discovery rule, the fraudulent concealment rule, equitable estoppel, equitable tolling, and/or the repair doctrine.  (Doc. No. 1-2 ¶ 7.)  As noted above, fraudulent concealment

tolling as well as equitable tolling apply to implied warranty claims. See Philips, 2016 WL 1745948, at *14–15 (fraudulent concealment); Jimenez, 2018 WL 2734848, at *2 (equitable tolling). Ford has not carried its burden in arguing that Plaintiff cannot allege that fraudulent concealment or equitable tolling apply in this case. Ford argues that "Plaintiff does not allege any facts that give rise to a fraudulent concealment claim, namely that Defendants fraudulently concealed the alleged defects of the vehicle through false advertising or other means." (Doc. No. 10 at 17.) Similarly, with respect to equitable tolling, Ford argues that Plaintiff has not alleged that she sought an alternative remedy before filing this lawsuit. (Id. at 17.) Given that Plaintiff could add additional allegations correcting these deficiencies, Ford has not met its burden in showing that the joinder was fraudulent. See Jimenez, 2018 WL 2734848, at *2 ("[T]he defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies." (citations omitted)); Vincent v. First Republic Bank Inc., No. C 10-01212 WHA, 2010 WL 1980223, at *5 (N.D. Cal. May 17, 2010) ("Evaluating all of the factual allegations in the light most favorable to plaintiff, this order finds that defendants have not shown that there is absolutely no possibility that plaintiff cannot state a claim against the individual defendants."); Cavale, 2018 WL 3811727, at *3 ("Even if the allegations concerning fraudulent concealment are not sufficiently pled, Ford has not shown that Plaintiff would not be able to amend the complaint to allege a viable tolling theory applies to Plaintiff's claim."). Given that it is possible that one of these theories may toll the statute of limitations, Ford has not demonstrated that Plaintiff's claim against Kearny Ford is time-barred.[1] Accordingly, Ford has not carried its burden in showing that Kearny Ford was fraudulently joined.

Ford also argues that the Court should exercise its discretion under Federal Rule of Civil Procedure 21 ("Rule 21") to drop Kearny Ford as a party. (Doc. No. 10 at 18–19.)

---

[1] The Court concludes that Ford's argument that the statute of limitations applies is better suited for a demurrer, motion to dismiss, or motion for summary judgment rather than a notice of removal.

Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." "Rule 21 grants a federal district or appellate court the discretionary power to perfect its diversity jurisdiction by dropping a nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19." <u>Sams v. Beech Aircraft Corp.</u>, 625 F.2d 273, 277 (9th Cir. 1980). "[N]umerous courts have found implied warranty claims against dealerships to be valid, and the dealerships to be necessary parties, in connection with claims under the Song-Beverly Act." <u>Chipley v. Ford Motor Co.</u>, 2018 WL 1965029, at *2 (N.D. Cal. Apr. 26, 2018) (collecting cases). Accordingly, the Court declines to drop Kearny Ford as a party.

Because Ford has not demonstrated that Kearny Ford is fraudulently joined, the Court does not address Ford's remaining contentions that Plaintiff is a California citizen and that the amount in controversy exceeds $75,000. Even if Ford could prove these latter arguments, Kearny Ford, a California-based dealership, would defeat diversity jurisdiction.

<u>**Conclusion**</u>

Based on the foregoing, Ford has not demonstrated that the Court has subject matter jurisdiction over this case. As a result, the Court remands the case to the Superior Court of California for the County of San Diego for lack of federal subject matter jurisdiction. <u>See</u> 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Finally, each party will bear their respective attorneys' fees and costs associated with the motion for remand. The Clerk of the Court is instructed to close the case.

**IT IS SO ORDERED.**

DATED: February 1, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT